IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAPIR REALTY, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>LAQUINTON MILLS,<br><br>　　Defendant. | CIVIL ACTION FILE NO.<br><br>1:16-CV-4314-TWT-CMS |

### **ORDER AND FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Laquinton Mills's application to proceed in forma pauperis and pro se notice of removal from the Magistrate Court of DeKalb County, Georgia. (Doc. 1). Mills's affidavit of indigency indicates the inability to pay the filing fee or incur the costs of these proceedings. (Doc. 1). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and the undersigned **GRANTS** the request for leave to proceed in forma pauperis for these proceedings only.

However, because it is evident that this Court does not have jurisdiction over this dispossessory action, the undersigned **RECOMMENDS** that this action be **DISMISSED** and **REMANDED** to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1447(c), a district court must remand any action that has been improperly removed if the district court finds that it lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Accordingly, this Court must examine the Notice of Removal (Doc. 1-1) to determine whether there is a proper basis for removal.

For removal to be proper, a defendant must demonstrate that the action is based on diversity jurisdiction, or that the action contains a federal question, i.e., one or more claims arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In other words, a defendant may remove a case to federal court only if the district court would have had jurisdiction over the case if it had been brought there originally. Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441). The statute is strictly construed, requiring remand to the state court if any doubt exists over whether removal was proper. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003). The party seeking removal bears the burden to establish federal jurisdiction. Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

The general test for whether a state court cause of action arises under federal law is the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc . v. Williams, 482 U.S. 386, 392 (1987). Here, Mills indicates on the Civil Cover Sheet that the basis of jurisdiction is a federal question. (Doc. 1-2). But, the Notice of Removal does not allege, nor do the DeKalb County documents show, that any federal statute was relied upon in the state court proceeding. (Doc. 1-1). While Mills cites to various federal statutes and rules, and asserts that the underlying dispossessory action violates certain rights guaranteed by the Due Process clause of the Fourteenth Amendment of the United States Constitution, it is well settled that federal question jurisdiction exists only when a federal question is presented on the face of a well-pleaded complaint. Defenses or counterclaims based on federal law are not a proper basis for removal. See Caterpillar, 482 U.S. at 393; Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim — which appears as part of the defendant's answer, not as part of the plaintiff's complaint — cannot serve as the basis for 'arising under' jurisdiction."); Kemp, 109 F.3d at 712 ("a case may not be removed on the ground of a federal question defense alone, even if that defense is valid"). Because no federal question is present on the face of the dispossessory complaint, there is no federal jurisdiction.

## CONCLUSION

Because Mills has failed to establish that removal in this case is proper, this action must be remanded pursuant to 28 U.S.C. § 1446(c)(4). Thus, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County. Mills's motion to proceed in forma pauperis (Doc. 1) is **GRANTED** solely for the purpose of remand.

So **ORDERED, REPORTED, and RECOMMENDED** this 23rd day of November, 2016.

*/s/ Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE